IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MAURICE FAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-286-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Maurice Fay, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent.

After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

On November 9, 2012, in the 43rd Judicial District Court of Parker County, Texas, petitioner entered a negotiated guilty plea to one count of aggravated sexual assault of a disabled person

and true to a habitual-offender allegation in the indictment in exchange for a recommended forty-year sentence. The trial court assessed his punishment accordingly. Adm. R., Writ WR-79,170-01, 37, ECF No. 11-13. Petitioner did not directly appeal his conviction or sentence but filed three state habeas applications raising one or more of the claims presented in this federal petition. The first two state applications were denied by the Texas Court of Criminal Appeals on the findings of the trial court. *Id.*, Writ WR-79,170-01, ECF No. 11-13 & WR-79,170-02, ECF No. 11-17. The third application was dismissed by the Texas Court of Criminal Appeals as a successive application. *Id.*, Writ WR-79,170-03, ECF No. 11-19. This federal petition followed.

## II. Issues

Petitioner raises six grounds for habeas relief:

(1) The state withheld the DNA test results from the defense;
(2) He received ineffective assistance of trial counsel;
(3) The victim could not pick him out of a photo line-up;
(4) The Texas Court of Criminal Appeals abused its discretion by denying his motion to review the video-taped interview with police in the state habeas proceedings;
(5) The police interrogation was "faulty" because he was denied counsel during the interrogation; and
(6) A *Brady* violation occurred because the state withheld the DNA test results from the defense.

2

Pet. at 6-7 & Inserts, ECF No. 1.

### III. Rule 5 Statement

Respondent believes the petition is neither time-barred nor subject to the successive-petition bar, however he believes petitioner's fifth ground is unexhausted and procedurally barred. Resp't's Answer 3-4, ECF No. 16.

### IV. Procedural Default

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this case, a state habeas corpus proceeding

under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Respondent believes petitioner's fifth ground, wherein he claims his Sixth Amendment right to counsel was violated because he was denied counsel by the Weatherford Police Department during an "interview/interrogation," raised for the first time in this federal petition, is unexhausted and procedurally barred. Respondent's belief is supported by the state court record. The claim could have been raised in petitioner's state habeas application(s) but was not. Because petitioner's fifth ground was raised for the first time in this federal petition, the claim is unexhausted. Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claim. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's fifth claim raised for the first time in this federal petition is procedurally barred from this court's review. *Smith v. Johnson*, 216 F.3d 521, 523-24 (5th

4

Cir. 2000).

## V. Discussion

### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Id.* at 407-08.

5

The statute further requires that federal courts give great deference to a state court's factual findings. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption applies to both express and implied findings of fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Finally, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas corpus application without written order, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 98-99 (2011)).

### *Guilty Plea*

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United*

6

*States*, 397 U.S. 742, 748 (1970). When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Further, although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). A defendant's solemn declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Although there is no reporter's record of the plea proceeding in this case, the documentary record supports a presumption of regularity of the state court records and the state courts' implied finding that petitioner's guilty plea was knowingly, voluntarily and intelligently made. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994). A review of the state court record demonstrates that petitioner's guilty plea complied with minimum constitutional requirements: it reflected "an affirmative showing that [the plea] was intelligent and voluntary," *Boykin*, 395 U.S. at 242, and it showed that the plea was entered by a defendant

7

"with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. Further, the trial court noted in the docket sheet that, prior to the guilty plea, the court and trial counsel "double checked/re-admonished waiver of further investigation" and that petitioner acknowledged there was untested DNA on the victim's clothes, including her undergarments, but waived the testing. The court further noted that petitioner–

> testified DNA testing was unnecessary b/c he did have sex with the V and he knew she did not consent and he knows her to be disabled ("retarded") and that all of this is a serious felony and with his past convictions is punishable for 25 years to life and he wanted the 40 years TDC plea.

Adm. R., Writ WR-79,170-03, 46, ECF No. 11-19.

Thus, it appears that petitioner's guilty plea was knowing, voluntary and intelligent, notwithstanding the fact that the DNA test results were unavailable to him at the time of his plea, and that he chose to accept the plea offer to avoid the risk of a harsher sentence. His conclusory claims to the contrary, after the fact, are insufficient to rebut the presumption of regularity of the records and the presumption that his plea was valid. *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (providing state court records "are entitled to a presumption of

8

regularity"). Accordingly, petitioner's grounds one, two, three and six involving matters preceding his valid guilty plea are waived. *See United States v. Conroy*, 567 F.3d 174, 179 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1502 (2010) (*Brady* claim waived by valid guilty plea); *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999) (Fourth Amendment violation waived by valid guilty plea); *Murray v. Collins*, 981 F.2d 1255, 1992 WL 387015, at *3 (5th Cir. 1992) (claim that prosecutor and peace officers engaged in misconduct waived by valid guilty plea); *United States v. Hanyard*, 762 F.2d 1226, 1229-30 (5th Cir. 1985) (claim regarding sufficiency of the evidence waived by valid guilty plea); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (ineffective-assistance-of-counsel claims not related to voluntariness of the plea and sufficiency-of-the-evidence challenges waived by valid guilty plea).

### *State Habeas Proceedings*

Under his fourth ground, petitioner claims the Texas Court of Criminal Appeals abused its discretion by denying his "motion to review video-taped interview which contained the actual words/statement that was said during the [police] interview." Pet. 7, ECF No. 1. However, it is well settled in the Fifth Circuit that alleged "infirmities in state habeas proceedings do

9

not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.) (quoting *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997)) (internal quotation marks omitted), *cert. denied*, 527 U.S. 1056 (1999).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. For the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED January 26, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE